AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| David Campoy | ) USDC Case Number:  CR-20-00458-001 BLF |
| | ) BOP Case Number:  DCAN520CR00458-001 |
| | ) USM Number:  27482-509 |
| | ) Defendant's Attorney:  Bruce C. Funk (Appointed) |

**THE DEFENDANT:**

☑ pleaded guilty to counts: 2, 10, and 18 of the Second Superseding Indictment.

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) | Possession with Intent to Distribute and Distribution of Methamphetamine | 06/17/2020 | 2 |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and (A)(i) | Possession with Intent to Distribute Methamphetamine and Heroin | 01/27/2021 | 10 |
| 18 U.S.C. § 922(g) | Felon in Possession of Firearms and Ammunition | 01/27/2021 | 18 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☑ Counts 1, 3, 5, 8, 9, 11, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/3/2025
Date of Imposition of Judgment

Signature of Judge

The Honorable Beth Labson Freeman
United States District Judge
Name & Title of Judge

June 5, 2025
Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT: David Campoy                                    Judgment - Page 2 of 10
CASE NUMBER: CR-20-00458-001 BLF

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
144 months on each of Counts 2 and 10, and 120 months on Count 18, all counts to be served concurrently.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

☑ The Court makes the following recommendations to the Bureau of Prisons: Designation to FCI Terminal Island or a facility in California, if consistent with Bureau of Prisons classification criteria.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at  on  (no later than 2:00 pm).

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ at  on  (no later than 2:00 pm).

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  David Campoy | Judgment - Page 3 of 10 |
| CASE NUMBER:  CR-20-00458-001 BLF | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Five years on each of Counts 2 and 10, and three years on Count 18, all such terms to run concurrently.

# MANDATORY CONDITIONS OF SUPERVISION

1) You must not commit another federal, state or local crime.

2) You must not unlawfully possess a controlled substance.

3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5) ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  David Campoy | Judgment - Page 4 of 10 |
| CASE NUMBER:  CR-20-00458-001 BLF | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.


(Signed) _____          _____
              Defendant                                                                Date


_____          _____
              U.S. Probation Officer/Designated Witness                    Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  David Campoy                                    Judgment - Page 5 of 10
CASE NUMBER:  CR-20-00458-001 BLF

## SPECIAL CONDITIONS OF SUPERVISION

1.  You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

2.  You must not have contact with any codefendant in this case, namely David Wolcott Greenman, Kimberly Carrasco, Lamberto LNU, Juan Carlos Velazquez Ortiz, Ignacio Espinoza, Jose Manuel Rodriguez Naranjo, Nicholas Ardanuy, Michael Ozuna Guizar, Miguel Angel Carrizal Zamora, Luis Guillermo Sendino, and Juan Johel Padilla. Contact with Jose Campoy, Roberto Campoy Robles, and Ivan Campoy Morales is permissible with permission of the probation officer.

3.  You must participate in an outpatient mental health treatment program, as directed by the probation officer. You are to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of mental health counseling. The actual co-payment schedule must be determined by the probation officer.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: David Campoy | Judgment - Page 6 of 10 |
| CASE NUMBER: CR-20-00458-001 BLF | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | Waived | None | N/A | N/A |

☐    The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*• | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐    Restitution amount ordered pursuant to plea agreement $

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐    the interest requirement is waived for the.

     ☐    the interest requirement is waived for the  is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT: David Campoy
CASE NUMBER: CR-20-00458-001 BLF

Judgment - Page 7 of 10

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐ Lump sum payment of _____ due immediately, balance due

     ☐ not later than  , or
     ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E, and/or   ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**It is further ordered that the defendant shall pay to the United States a special assessment of $300. Payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, or via the pay.gov online payment system. During imprisonment, payment of criminal monetary penalties are due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT: David Campoy

Judgment - Page 8 of 10

CASE NUMBER: CR-20-00458-001 BLF

☑    The defendant shall forfeit the defendant's interest in the following property to the United States:

    a)   The following items seized from 364 Nature Drive, Apartment B, San Jose, California on January 27, 2021:

        i.   $31,793 in cash;

        ii.   Blue Alcatel cell phone, IMEI 014892002199796;

        iii.   Silver LG cell phone, bearing a label reading 3001343;

        iv.   Black Samsung cell phone, no visible serial number;

        v.   Black LG cell phone, IMEI 354544117051424;

        vi.   Blue Motorola cell phone, IMEI 353592111985759;

        vii.   Blue Motorola cell phone, IMEI 353592111985726;

        viii.   Black Samsung cell phone, IMEI 351767111903695;

        ix.   Black LG cell phone, IMEI 355041614304173;

        x.   Black LG cell phone, IMEI 354544117705631;

        xi.   Black LG cell phone, IMEI 355041612779756;

        xii.   Black LG cell phone, IMEI 354544115291675;

        xiii.   Black iPhone with no visible serial number;

        xiv.   Rose gold iPhone with no visible serial number;

        xv.   Black iPhone with no visible serial number;

        xvi.   Black Samsung phone, IMEI 356211710399414;

        xvii.   Black Samsung phone, IMEI 354212114993499;

        xviii.   Blue Motorola phone, IMEI 353592111368675;

        xix.   Silver T-Mobile phone, IMEI 015734000179728;

        xx.   Silver LG phone, IMEI 354755110654358;

        xxi.   Black LG phone, IMEI 354544117345719;

        xxii.   Black Samsung phone, IMEI 354212115773684;

        xxiii.   Silver LG phone with no visible serial number.

    b)   Folding knife seized from my person on January 27, 2021;

    c)   The following items seized from the Lincoln Navigator bearing license plate number 7BPF806 on January 27,

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| DEFENDANT:  David Campoy | Judgment - Page 9 of 10 |
|---|---|
| CASE NUMBER:  CR-20-00458-001 BLF | |

2021:

    i.    Two digital scales;

    ii.    Black Samsung Galaxy phone, IMSI 8901260055906433628;

    iii.    Silver LG phone, IMEI 354755110351013;

    iv.    White LG phone, MEID 35990710078882;

d)    The following items seized from the Chevy Tahoe bearing license plate number 5ZEK532 on January 27, 2021:

    i.    Rifle scope;

    ii.    Three AR-15 complete upper receivers;

    iii.    AR-15 with no serial number;

    iv.    Five incomplete AR-15 lower receivers, with "M16A2" Markings;

    v.    FN Five-seven Handgun, serial number 386317105;

    vi.    HK USP Compact .40 handgun, serial number 26-068582;

    vii.    Rock Island Armory M1911 handgun, serial number RIA1350504;

    viii.    Glock 34, Gen 4 handgun, serial number YET956;

    ix.    Gold Colt 1911 handgun, serial number 896313;

    x.    Beretta Nano handgun, serial number NUO51426;

    xi.    Silver Taurus PT 92 handgun, serial number TKC86906;

    xii.    AK-47 75-round drum magazine;

    xiii.    AR-15 parts;

    xiv.    All magazines and ammunition;

    xv.    AR-15 armorer's kit;

    xvi.    Plate carriers and rifle plates;

    xvii.    EAA .357 Revolver, serial number 1067202;

    xviii.    Kimber Pro Carry II handgun, serial number KR261180;

    xix.    Digital scale;

    xx.    LG phone, IMEI 358853-10-448827-5;

    xxi.    White LG phone, MEID 35963509908180.

e)    The following items seized from the address associated with Mr. Campoy on January 27, 2021;

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| DEFENDANT: David Campoy | Judgment - Page 10 of 10 |
|---|---|
| CASE NUMBER: CR-20-00458-001 BLF | |

      i.      Remington 12 gauge shotgun, serial number 514153;

      ii.     iPhone Model A1429, IMEI 990002746214921;

      iii.    Lands Air Sea GPS Tracker, serial number 8881003480;

      iv.    Lands Air Sea GPS Tracker, serial number 8880941671;

      v.     Apple MacBook, Model A1278, serial number C02GKELGDV14;

      vi.    Black Samsung Phone, SIM 890126005590585774;

      vii.   Black LG phone model LM X220MB, serial number 911VTRG1199574;

      viii.  Black iPhone, no serial number or SIM card;

      ix.    Dark blue Motorola phone, model XT1952 4, no serial number or SIM card;

      x.     Black and silver Samsung tablet, model GTPS113TS, serial number R22CB02VGZA;

      xi.    Silver LG cellphone model LM X220MA, serial number 90SCQPY0882776;

      xii.   Blue and black Motorola cellphone, no serial number or SIM card;

      xiii.  Silver and white LG cellphone model LMX220PM, serial number 910VTTD0928881;

      xiv.   Silver LG cellphone model LM X220MA, serial 905CQFT0946227;

      xv.    Silver Motorola cell phone, no serial number or SIM card;

      xvi.   Silver Cricket LG cellphone model LG H343, serial 511CYYQ018002;

      xvii.  Black Huawei cellphone model U2800A, serial number U2800ACEJB118;

      xviii. Black Foxx cellphone, no serial number or SIM card;

      xix.   Black LG cellphone model LM X320MA, IMEI 358335101362273

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**